UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVAN RAY BEGAY,<br><br>      *Plaintiff*,<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>      *Defendant*. | Civil Action No. 21-782 (TJK) |

## MEMORANDUM ORDER

Plaintiff, a *pro se* prisoner, sues Defendant for release of information related to his decades-old criminal prosecution. He brings claims under the First Amendment and the Freedom of Information Act. Defendant moves to dismiss the First Amendment claim and Plaintiff's requests for certain remedies. Defendant also moves to strike Plaintiff's demand for a jury trial. For the following reasons, the Court will grant the motion in part by dismissing Plaintiff's First Amendment claim and striking his jury demand, and otherwise deny it.

**I.  Background**

In 2001, Plaintiff pleaded guilty to four counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) and four counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(2). ECF No. 9 at 2 (citing *United States v. Begay*, 10-cv-08221, ECF No. 6 (D. Ariz. Feb. 16, 2011)). Seventeen years later, he sued the Executive Office for United States Attorneys (EOUSA) under the Freedom of Information Act (FOIA). ECF No. 9 at 4. Plaintiff alleged that EOUSA was improperly withholding biological evidence related to his criminal prosecution. *Id.* EOUSA moved for summary judgment and noted that Plaintiff's criminal case file was "housed

at the Federal Records Center of the National Archives due to the age of the case." The court granted EOUSA's motion for summary judgment after Plaintiff failed to respond. *Id.*

Plaintiff then brought this suit. ECF No. 1. He seeks relief under FOIA and alleges that Defendant violated his First Amendment right to petition the government. *Id.* He asks the Court, among other things, to order Defendant to "release, test, and reproduce information" sought in his FOIA request, "test Mr. Begay's Biological Swab containing Alcohol/Marijuana compounds," and pay "one million dollars in compensatory damages." *Id.* at Sec. E ¶¶ 1–3, 10. He also asks that the Court appoint him an attorney and demands a jury trial. *Id.* at 1; Sec. E ¶ 9.

Defendant moved to dismiss the complaint in part. ECF No. 9. Defendant argues the Court should dismiss Plaintiff's First Amendment claim and his requests to test certain evidence, appoint him an attorney, and pay him monetary damages. *Id.* at 6–7. Defendant also argues that the Court should strike Plaintiff's jury demand. *Id.* at 1, 7–8.

## II.   Legal Standards

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint; it does not require a court to 'assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint.'" *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)). "To survive a motion to dismiss, a complaint must have 'facial plausibility,' meaning it must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit

of all inferences that can be derived from the facts alleged.'" *Id.* (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). When a plaintiff proceeds *pro se* "his complaint 'is to be liberally construed' and 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). In such cases, courts can also consider the plaintiff's "*pro se* affidavits and exhibits, as well as public records subject to judicial notice." *Id.* "But the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga*, 677 F.3d at 476.

Federal Rule of Civil Procedure 12(f) authorizes a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While district courts have broad discretion in this area, "motions to strike, as a general rule, are disfavored." *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981).

### III.   Analysis

#### A.   First Amendment Claim

Defendant correctly argues that Plaintiff fails to allege a plausible First Amendment claim. "The First Amendment guarantees 'the right of the people . . . to petition the Government for a redress of grievances.'" *McDonald v. Smith*, 472 U.S. 479, 482 (1985). This right includes, for example, "the right of access to courts for redress of wrongs." *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011). In contrast, FOIA allows the public to obtain government records by making a request to an agency. *See* 5 U.S.C. § 552. Plaintiff argues that

Defendant violated his petition right because it has not released records he requested.  ECF No. 1 Sec. D ¶ 4.  But that allegation does not implicate the First Amendment.  "There is no constitutional right to have access to particular government information."  *Houchins v. KQED, Inc.*, 438 U.S. 1, 14 (1978) (plurality opinion) (quoting Stewart, *Or of the Press*, 26 Hastings L.J. 631, 636 (1975)).  This means that "there is no constitutional right to obtain all the information provided by FOIA laws."  *McBurney v. Young*, 569 U.S. 221, 232 (2013) (rejecting challenge to Virginia FOIA statute).  Thus, Plaintiff's claim is a statutory one about whether he is entitled to all the records he requested, not a constitutional one about his right to petition the government.  The Court will dismiss Plaintiff's First Amendment claim.[1]

---

[1] Defendant also moves to dismiss Plaintiff's requests that the agency test certain evidence and pay him monetary damages, and his request to be appointed an attorney.  ECF No. 9 at 7.  FOIA's section 552(a)(4)(B) sets out the remedies authorized by the statute.  *Cause of Action Inst. v. Office of Management & Budget*, 10 F.4th 849, 854 (D.C. Cir. 2021).  That section authorizes a court to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  It provides for no other relief.  *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (FOIA "provides requesters with the potential for injunctive relief only").  But Defendant cites no authority that suggests a court may dismiss requests for relief under Rule 12(b)(6).  Thus, at this stage, the Court will not dismiss these requests, but merely note that even if Plaintiff's FOIA claim succeeds, these remedies are unavailable to him.  The Court also notes that it may only appoint counsel in civil cases under certain circumstances, taking into account the "nature and complexity of the action;" the "potential merit of the *pro se* party's claims;" the party's demonstrated "inability . . . to retain counsel by other means;" and the "degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel."  LCvR 83.11(b)(3).  "For example, a court may appoint an attorney for a *pro se* litigant who is involved in a particularly complex or meritorious case or who is otherwise incapable of adequately representing himself without the help of an attorney."  *Pinson v. U.S. Dep't of Justice*, 55 F. Supp. 3d 80, 83 (D.D.C. 2014) (cleaned up) (declining to appoint counsel to *pro se* FOIA plaintiff); *see also* LCvR 83.11(b)(3).  Plaintiff has not made a showing that the appointment of counsel is warranted here.

### B. Jury Trial Demand

The Court will strike Plaintiff's demand for a jury trial. Under Rule 38(b), a party may demand a jury trial on "any issue triable of right by a jury." Fed. R. Civ. P. 38(b). The Constitution's Seventh Amendment provides a right of jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40–41 (1989) (quoting U.S. Const. amend. VII). "Suits at common law" refers to suits traditionally heard in courts of law, "as opposed to those customarily heard by courts of equity or admiralty." *Id.* at 42. In determining whether the Seventh Amendment applies to a statutory action, courts look to comparable 18th-century actions in England and the nature of the remedy sought. *Id.* Whether the remedy sought is equitable or legal is a more important factor than the cause of action itself. *Id.*

Defendant is correct that the "Seventh Amendment has no application in actions at law against the Government" because the United States is generally immune from suit. *Lehman v. Nakshian*, 453 U.S. 156, 162 n.9, 163 (1981); ECF No. 9 at 5–6. But since FOIA only offers equitable remedies, it likely falls outside the Seventh Amendment's ambit for that reason. *See Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 154 (1980) ("Congress intended federal district courts to retain traditional equitable jurisdiction in adjudicating FOIA actions."); *Johnson*, 310 F.3d at 777. And in any event, the statute itself does not provide a jury right. *See* U.S.C. § 552. For these reasons, Plaintiff has no right to a jury trial. Because he cannot demand one, the Court will strike his jury demand as immaterial. Fed. R. Civ. P. 12(f).

## IV.     Conclusion

For the above reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss, in Part, and to Strike Jury Demand, ECF No. 9, is **GRANTED IN PART** and **DENIED IN PART**. The First Amendment claim in Count I of the complaint is **DISMISSED** for failure to state a claim.  Further, Plaintiff's jury demand is **STRICKEN** from his complaint.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 6, 2021